Laurence A. Shapero, WSBA #31301                    Honorable Rebecca L. Pennell
Lauren Titchbourne, WSBA #54565
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Telephone:  206-876-5301
Facsimile:   206-693-7058
Email:  laurence.shapero@ogletree.com
          lauren.titchbourne@ogletree.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
## RICHLAND DIVISION

| | |
|---|---|
| ONSHORE QUALITY CONTROL SERVICES, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN BROMLEY, an individual<br><br>Defendant. | Case No. 4:24-cv-05134-RLP<br><br>**ONSHORE QUALITY CONTROL SPECIALISTS, LLC'S MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTING DATE: AUGUST 7, 2025**<br><br>**WITHOUT ORAL ARGUMENT** |

## I.    INTRODUCTION

On April 18, 2024, Bromley released any and all claims arising from the parties' previous interactions in a legally binding, enforceable, and judicially approved settlement (the "Agreement").  In exchange for a substantial monetary settlement ("Settlement Payment"), Bromley explicitly agreed not to file any lawsuits, make any claims based on the released conduct, or to seek employment with QCS.  Despite

ONSHORE QUALITY CONTROL SPECIALISTS,          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
LLC'S MOTION FOR SUMMARY JUDGMENT - 1          1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Case No. 4:24-cv-05134-RLP                                    Phone: 206-693-7057 | Fax: 206-693-7058

receiving and retaining the Settlement Payment, Bromley has violated the Agreement by asserting claims arising from conduct predating the Agreement. Bromley has additionally threatened to sue QCS based on the Agreement itself. Specifically, Bromley has claimed that the nondisclosure terms in the Agreement violate the SNMA, and that the no-rehire term violates the Washington Law Against Discrimination ("WLAD"). However, Bromley has already admitted the Agreement does not interfere with his SNMA rights, and he failed to allege that he engaged in any activity protected by WLAD, which means he has no such claim. QCS therefore respectfully asks the Court to enforce the plain terms of the Agreement and to declare that the Agreement does violates neither the SNMA nor the WLAD as a matter of law.

Bromley's disregard for the express terms of the Agreement has caused QCS to incur considerable and unnecessary expenses and has wasted finite judicial resources. The Court should affirm the finality and enforceability of the Agreement and hold Bromley accountable for failing to honor his legally binding release of claims, by (1) entering summary declaratory judgment that (1) Bromley released all alleged SNMA claims arising from conduct predating the Agreement's effective date; (2) Bromley has no valid SNMA claims arising from the Agreement itself; and (2) the Agreement's no-rehire clause does not violate the WLAD.

///

///

ONSHORE QUALITY CONTROL SPECIALISTS,
LLC'S MOTION FOR SUMMARY JUDGMENT - 2
Case No. 4:24-cv-05134-RLP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## II.     FACTUAL BACKGROUND

Bromley and QCS executed a thoroughly negotiated and judicially approved settlement and release of all claims on April 18, 2024 ("Agreement").  ECF No. 22-2 at 140-44.  In the Agreement, Bromley accepted a significant settlement payment in exchange for his promise to release all claims arising from conduct predating the Agreement's effective date.  *Id*.  Bromley also agreed that he would be ineligible for re-hire and would not seek such employment ("No Rehire Provision").  *See id*. Specifically, the No Rehire Provision states the following:

> Employee represents that he does not desire to be re-hired by with Company or any other Released Party, and hereby expressly waives any and all rights, if any, that Employee may have to employment or consideration for employment with the Company or other Released Parties.  Furthermore, Employee agrees to never again knowingly seek or accept employment or a direct independent contractor relationship with Company or the Released Parties.

*Id*. at 143.  QCS set forth relevant facts concerning this Agreement in considerable detail in its Response to Bromley's Motion for Partial Summary Judgment.  ECF No. 25 at 4-11; ECF No. 26; ECF No. 26-1).

## III.     ARGUMENT

**A.     The Court Should Enter Judgment in QCS's Favor on its First Cause of Action Because Bromley Fully Released All Claims Arising from Conduct Predating the Agreement.**

For all of the reasons set forth in QCS's Response to Bromley's Motion for Summary Judgment, ECF No. 25 at 11-19, the Court should enter judgment in QCS's

ONSHORE QUALITY CONTROL SPECIALISTS, LLC'S MOTION FOR SUMMARY JUDGMENT - 3
Case No. 4:24-cv-05134-RLP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

favor and declare that Bromley has no valid SNMA claims arising from conduct predating the Agreement. As explained at length in QCS's Response brief, Bromley released and agreed not to assert any claim for any conduct purportedly arising before April 18, 2024, and he also acknowledged, as part of his release, that he was not aware of anything that QCS did that could give rise to any such claim. ECF No. 25 at 5-6, 12-15. Bromley accepted substantial consideration ("Settlement Payment") in exchange for broadly releasing certain claims. Despite this agreement, he is now asserting the very claims he had agreed to release. The scope and terms of Bromley's release are undisputed, and there is no legal basis to render the Agreement or Bromley's release unenforceable. Therefore, QCS respectfully requests that the Court grant its request for summary judgment.

**B.      The Court Should Enter Judgment in QCS's favor on its First Cause of Action Because Bromley Admitted He Has No Claim.**

As more fully stated in QCS's Response, Bromley admits he has no claim under the SNMA that arises from the Agreement itself. *See* ECF NO. 25 at 3, 8-9. QCS specifically alleged that, "The Agreement further makes clear that none of its provisions were intended to interfere with or inhibit [Bromley's] rights under Washington's Silenced No More Act, RCW 49.44.211." ECF No. 1 at 3. In his Answer filed with this Court, Bromley admitted, "that none of his rights under Washington's Silenced No More Act, RCW 49.44.211 were affected by the

ONSHORE QUALITY CONTROL SPECIALISTS,
LLC'S MOTION FOR SUMMARY JUDGMENT - 4
Case No. 4:24-cv-05134-RLP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Agreement." ECF No. 11 at 3. Accordingly, the Court should enter judgment in WCS's favor because Bromley himself admits he has no SNMA claim based on the terms of the Agreement.

**C.     The Court Should Confirm Bromley Has No Good-Faith Basis to Assert the Agreement's No-Rehire Provision violates the WLAD.**

The No Rehire Provision does not violate the WLAD. Although Bromley has, at least temporarily, abandoned his WLAD claim in the immediate lawsuit, *see* ECF No. 11, an actual controversy exists because Bromley's initial demand letter claimed that QCS violated the WLAD by including the No Rehire Provision in the Agreement. ECF No. 26-2 at 9-10. But the WLAD does not support a cause of action for activity unrelated to purported discrimination. Bromley does not allege any discriminatory practices. The Court should enter summary judgment in QCS's favor and declare the Agreement does not give rise to a WLAD claim.

The WLAD, as the title suggests, targets unlawful discrimination against an individual based on their protected status. *See* RCW.60. WLAD identifies these protected statuses as, "age, sex, marital status, sexual orientation, race, creed, color, national origin, citizenship or immigration status, honorably discharged veteran or military status, or the presence of any … disability[.]" RCW 49.50.180. The WLAD's so-called Anti-Retaliation Statute states that, "[i]t is an unfair practice for any employer … to discharge, expel, or otherwise discriminate against any person because

ONSHORE QUALITY CONTROL SPECIALISTS,
LLC'S MOTION FOR SUMMARY JUDGMENT - 5
Case No. 4:24-cv-05134-RLP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

he or she has opposed any **practices forbidden by this chapter**, or because he or she has filed a charge, testified, or assisted in any proceeding **under this chapter**." RCW 49.60.210(1) (emphasis supplied). Washington courts have concluded that plaintiffs who report a specific discriminatory pattern or occurrence have engaged in an activity protected under WLAD. *See, e.g.*, *Currier v. Northland Servs., Inc.*, 182 Wn. App. 733, 739, 332 P.3d 1006 (2014) (determining plaintiff took a statutorily protected action under WLAD when he reported that he heard his coworker say a derogatory racial comment). Similarly, the WLAD Antiretaliation Statute prevents an employer from refusing to hire a former employee because they engaged in the protected activity of opposing unlawful discrimination. *See Jin Zhu v. N. Cent. Educ. Serv. District— ESD 171*, 189 Wn.2d 607, 609, 404 P.3d 504 (2017). However, the WLAD does not give rise to a cause of action based on an employer's refusal to hire a former employee based on reporting safety concerns or other workplace complaints. *See Coville v. Cobarc Services, Inc.*, 73 Wn. App. 440, 869 P.2d 1103 (1994) (even viewing in the light most favorable to the plaintiff, the protected activity must be directed toward practices forbidden under WLAD); *see also Elgiadi v. Washington State University Spokane*, 24 Wn. App. 2d 261, 269, 519 P.3d 939 (2022) ("RCW 49.60.210(1) prohibits an employer from retaliating against any person for opposing any practice forbidden by the WLAD.").

ONSHORE QUALITY CONTROL SPECIALISTS, LLC'S MOTION FOR SUMMARY JUDGMENT - 6
Case No. 4:24-cv-05134-RLP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Here, Bromley has never alleged QCS engaged in any discriminatory conduct based on protected status recognized under WLAD, and never suggested he opposed any such practice.  Instead, he claims QCS retaliated against him for raising a complaint about "pipeline integrity issues."  ECF No. 11 at 8.  Complaining about "pipeline integrity issues" is not a protected activity under WLAD.  Bromley failed to allege that he has any protected status, that he reported a violation of the WLAD to QCS at any point in time, or that the No Rehire provision constituted retaliation for any WLAD related or protected conduct.  *See id.*  Accordingly, the Agreement's No Rehire provision does not violate the WLAD as a matter of law. *See* ECF No. 11.

### IV.    CONCLUSION

For the foregoing reasons, QCS respectfully requests this Court grants its motion to enter summary judgment in its favor.

///

///

///

///

///

///

///

///

ONSHORE QUALITY CONTROL SPECIALISTS,
LLC'S MOTION FOR SUMMARY JUDGMENT - 7
Case No. 4:24-cv-05134-RLP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Respectfully submitted this 18th day of June, 2025.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Laurence A. Shapero*

By: */s/ Lauren Titchbourne*

Laurence A. Shapero, WSBA No. 31301
Lauren Titchbourne, WSBA No. 54565
1201 Third Avenue, Suite 5150
Seattle, WA  98101
Telephone: (206) 693-7057
Facsimile: (206) 693-7058
Email: laurence.shapero@ogletree.com
lauren.titchbourne@ogletree.com

*Attorneys for Onshore Quality Control Specialists, LLC*

ONSHORE QUALITY CONTROL SPECIALISTS,
LLC'S MOTION FOR SUMMARY JUDGMENT - 8
Case No. 4:24-cv-05134-RLP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2025, I served the foregoing ONSHORE QUALITY CONTROL SPECIALISTS, LLC'S MOTION FOR SUMMARY JUDGMENT via the method(s) below on the following parties:

Nathan Viavant
VIAVANT LAW PLLC
218 E. Langdon Rd.
Walla Walla, WA  99362
Telephone:  (509) 200-1543
Email:  nathan@viavantlaw.com

*Attorney for Defendant*

☒    by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐    by **mailing** a true and correct copy to the last known address of each person listed above.  It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐    by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 18th day of June, 2025 at Seattle, Washington.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: */s/ Mary J. Klemz*
    Mary J. Klemz, Practice Assistant
    mary.klemz@ogletree.com

ONSHORE QUALITY CONTROL SPECIALISTS,
LLC'S MOTION FOR SUMMARY JUDGMENT - 9
Case No. 4:24-cv-05134-RLP

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

90377111.v3-OGLETREE