FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ONSHORE QUALITY CONTROL SERVICES, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN BROMLEY, an individual,<br><br>Defendant. | No. 4:24-CV-05134-RLP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Before the Court is Defendant Steven Bromley's Motion for Reconsideration, ECF No. 40. The Court has reviewed the briefing and the record and files herein and is fully informed.

## BACKGROUND

This case arises from settlement negotiations between Mr. Bromley and Plaintiff Onshore Quality Control Services, LLC. During the drafting of the Settlement Agreement, Mr. Bromley began asserting the draft settlement violated Washington's Silenced No More Act (SNMA), RCW 49.44.211. ECF No. 22-2 at

ORDER DENYING MOTION FOR RECONSIDERATION * 1

85. Mr. Bromley initially refused to sign a settlement which did not provide him an additional settlement payment to release his new SNMA claims, *id*. at 98, but ultimately signed a Settlement Agreement containing a full release of claims, including his SNMA claims. ECF No. 23, ¶25. Several months later, Mr. Bromley sent Onshore a demand letter for its purported violations of the SNMA during the drafting of the settlement agreement. ECF No. 26-2.

Onshore responded by filing this action, seeking a declaration that Mr. Bromley has no valid claims under the SNMA stemming from the Settlement Agreement. ECF No. 1 at 3-4. Onshore successfully moved for summary judgment on this issue and obtained such a declaration from the Court. ECF No. 38. Mr. Bromley now moves for reconsideration of that Order. ECF No. 40.

## DISCUSSION

Mr. Bromley contends the Court's Order contains a clear error because it determined he could validly release his SNMA claims. Mr. Bromley's motion is based on the misapprehension that his SNMA claims are "vested rights" which cannot be released. Neither the SNMA itself nor any of the cases Mr. Bromley cites provide that legal claims are non-waivable vested rights. While rights provided for under the SNMA may not be waived, Mr. Bromley may nevertheless release his legal claims.

ORDER DENYING MOTION FOR RECONSIDERATION * 2

1  Under Washington law, "[a] release of claims is a contract whereby one party pays consideration to another in exchange for the latter's agreement never to bring a civil action against the former on the claims at issue." *In re Disciplinary Proceeding Against Kronenberg*, 155 Wn.2d 184, 192, 117 P.3d 1134 (2005). While Mr. Bromley may not be able to waive his rights under the SNMA, he can (and did) agree to never bring a civil action against Onshore on his SNMA claims.

Mr. Bromley suggests the alternative of statutory damages provided for under the SNMA, RCW 49.44.211(7), is a "mandatory penalty" and an enforcement mechanism and thus cannot be waived. Again, he cites no law in support of this position, and the Court can find none. That the Washington legislature provided for statutory damages as an alternative to actual damages does not suggest it intended for statutory damages to be a non-waivable enforcement mechanism. Absent a clearly expressed legislative intent, the Court declines to make an exception to Washington's strong public policy in favor of settlement of claims for SNMA claims.

Mr. Bromley also asks the Court to certify this issue to the Washington Supreme Court under RCW 2.60.020. The Court's authority to do so is discretionary. *Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741 (1974). The Court finds Mr. Bromley does not makes a substantial showing as to the merits of his argument, and it declines to certify this question.

ORDER DENYING MOTION FOR RECONSIDERATION * 3

**ACCORDINGLY, IT IS ORDERED:**

1. Defendant Steven Bromley's Motion for Reconsideration, **ECF No. 40**, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to all counsel.

DATED October 17, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE